THE STATE OF MISSOURI *ex rel.* KANSAS CITY POLICE
RELIEF ASSOCIATION *et al.*, Respondent, v.
F. W. GIFFORD, Appellant.

### Kansas City Court of Appeals, May 3, 1897.

1. **Costs.** FEES OF KANSAS CITY POLICE: POLICE RELIEF ASSOCIATION.
Under the statutes of the state and the charter and ordinances of
Kansas City, a Kansas City policeman is entitled to fees as a witness
in the police courts of said city and to have the same taxed and the
relief association of said city may collect the same.

2. ———: ———: CHARTER FIXING SALARY OF OFFICERS. Section 1,
article 3, of the freeholders' charter of Kansas City forbidding an offi-
cer receiving a salary to receive fees or other compensation has no
application to a policeman of said city whose compensation is fixed
by the board of police commissioners,—and this is so whether the
freeholders' charter or the statute of 1874 is in force in said city, as
to which *quaere.*

3. ———: ———: ———. If section 1, article 3 of the charter of said
city did apply to police officers it can not be construed to cover fees
earned by such officer as a witness.

*Appeal from the Jackson Circuit Court.*—HON. J. W.
HENRY, Judge.

AFFIRMED.

*H. C. McDougal* and *F. W. Gifford* for appellant.

(1) Kansas City became a constitutional city May
9, 1889, and the charter superseded all laws of the
state, which in terms governed or pertained to cities
having one hundred thousand or more population.
Const. of Mo., art. 9, sec. 16; R. S. 1889, secs. 1840–
1892; *State ex rel. v. Field*, 99 Mo. 352; *State ex rel. v.
Scarritt*, 127 Mo. 642. A general law relating to munic-
ipal affairs may be repealed, in effect, by adoption of

special charter, same as in Kansas City.  *State v. Binder*, 38 Mo. 451.   (2)  The charter and ordinances of Kansas City govern, we think, in this case, and it is clear that plaintiffs have no right to the writ in question.  Plaintiff Clark, and all police officers, are officers of Kansas City.  City Charter, art. 9, sec. 20.  No officer's salary, fee, or compensation shall be changed during the term of his appointment, and no officer receiving a salary from the city shall receive any fees or other compensation for his services.  City Charter, art. 3, sec. 1.   (3)  There is no witness fee legally belonging to plaintiff Clark in the control of the defendant herein, and no authority given the defendant to enforce collection of a witness fee for the plaintiff herein.  The Police Relief Association is amply provided for by the city charter, and if properly utilized would furnish it a source of revenue becoming· to the association (provided the members do not want to make a speculative enterprise), with a fair supply of funds to meet the necessities of the members in a fit and proper way, without taxing a poor unfortunate victim, answering as defendant in police court, fifty cents each for the police officers who testify against him.  City Charter, sec. 23, art. 11, p. 109; as to salary, City Charter, sec. 24, art. 11; City Charter, secs. 29, 30, 32, and 33 of art. 11, p. 110.  The charter should prevail in the matter of fees for the officers, and the benefits for the Police Relief Association, because they all draw their salaries, and hold their positions by virtue of the city charter and laws of Kansas City, and not of the state.  The matter is purely local and the charter should be upheld in this case.

*Elliott & Burnham* for respondent.

(1)  In answer to defendant's position, plaintiffs claim that the charter provisions do not apply to the

facts in this case; that is to say, since, under the law, the fee goes to the exclusive use of the Police Relief Association, not to the officer, he is not even entitled to collect it. Section 2886, Revised Statutes, is not violative of said charter provision, to wit: "That no officer receiving a salary shall receive any fees or other compensation for his services." (2) Plaintiff claims that even should such fees go to the officer exclusively it would not be "receiving a fee or other compensation for his services." The services of a police officer are not to attend as witnesses in court, but to do police duty. (3) Plaintiff contends that the "question here involved" is not one of "purely local concern in which the people of the state have no sort of interest." That proposition is belied by the very act in which the police department has its inception. And in the case of *Riley v. Kansas City*, 31 Mo. App. 439, the state is said to have a very great interest in our local police force.

GILL, J.—This is a proceeding in. *mandamus* brought to compel the defendant Gifford, who is police judge of Kansas City, to allow and tax a witness fee in favor of the relator, police association, in a case before said police judge where STATEMENT. the other relator Clark, a police officer, attended and testified. The case was submitted to the circuit court on a demurrer to the alternative writ, accompanied by a stipulation that the charter and ordinances of the city might be considered as though pleaded. The court overruled the demurrer so filed by defendant; and on his failure to plead further, final judgment was entered commanding him to allow the witness fee, and from this judgment the police judge appealed.

We are then called upon to decide whether or not the facts stated in the alternative writ, considered in

the light of the city charter and ordinances, warrant the judgment of the lower court. The Kansas City Police Relief Association is a benevolent society or corporation organized under and by virtue of sections 2885 and 2886, Revised Statutes 1889. Its membership is composed of parties who make up the Kansas City police force; and the objects of its organization are to afford relief to such of its members as may become sick or disabled while in the discharge of their duties, or who may become incapacitated by long service, and for aiding the families of such policemen as may die in the service, etc. The relator Clark is and was one of these policemen and a member of said association. In November, 1896, he attended the defendant's court and testified in a case there pending wherein a party was charged with the violation of a city ordinance, and upon his testimony the accused was convicted. But the defendant, as police judge, refused Clark's application to allow the ordinary witness fee of fifty cents.

Understanding this to be a test case as to the duty of the police court in cases of this nature, we have given the matter careful and patient consideration, and have concluded that the judgment of the circuit court is right and must be affirmed. As already stated, the corporation known as the Kansas City Police Relief Association was organized under a statute of this state which reads as follows:

"Section 2885.—Any police force organized and existing by authority of the laws of this state, in any city having a population of over one hundred thousand inhabitants, is hereby authorized and empowered to form a relief association under the general incorporation laws of this state, and to create a fund for the purpose of affording relief to such members of their organization as may become sick and disabled while in

the discharge of their duties, or who may become incapacitated by long years of service, and for aiding the families of police officers who may die while in the service of any police department, and for such other purposes as may be set forth in their articles of incorporation."

"Section 2886.—This fund shall be created in the following manner: All moneys at present remaining in the hands of any unincorporated police relief committee or association; all the moneys arising from the sale of unclaimed personal property; all fines assessed against delinquent officers by any board of police commissioners; all monthly, annual or periodical assessments of members, as may be provided for by the rules of said association; all percentages of rewards allowed to members of any police force under the regulation of its department, together with a fee of fifty cents for each and every bond taken by any police officer for the appearance of any person charged with any violation of city ordinances, which said city officer is authorized then and there to collect; all of which moneys herein designated shall be paid to the treasurer of said relief association. And in addition, members of said relief association shall be allowed witness fees in all cases in all courts of record; *also, in all municipal or city police courts*, coroners' inquests, justice of the peace courts, whenever attending therein in matters pertaining to the discharge of their duties as witnesses; said witness fees to be collected solely by such officer as may be designated and authorized to collect the same, under the corporate authority of said relief association, and for its exclusive benefit; and no judge, justice of the peace or presiding officer of said courts or tribunals shall have power to remit any witness fees legally belonging to any member of said relief association, organized and existing as aforesaid."

It will be seen that the first section provides in specific terms for the organization and incorporation of a relief society, and that it is of the general nature provided for in article 10, chapter 42 of our corporation statute, while the last section, 2886, stipulates how and from what source a fund for the support of the association, and to carry out its objects and aims, shall be secured. Among these resources are the *witness fees* of all members of the association, which the statute requires shall be allowed in *all cases in all courts* of record, as well as in *all municipal or city police courts*, etc., wherein such policemen shall attend. in relation to cases within their jurisdiction or duties. Said witness fees are to be collected, set apart and held for the exclusive benefit of the society, and no court or police judge is authorized to remit the same.

There can be no doubt as to the meaning of this general law. These fees—so earned by policemen who are members of the association, and when testifying in cases connected with police jurisdiction—are by such officers' consent, implied by their membership, created and set apart for the maintenance of the society.

As to what these witness fees should be—that is, how much—the statute left to be fixed either by other *statutes* (as in case of prosecutions before the criminal or other courts of record) or by the municipal legislature, in cases before the police court. And to the end of providing for the latter, the charter of Kansas City, paragraph 17, section 1, article 3, has authorized the mayor and common council, by ordinance, to fix the compensation of witnesses serving in the police court. This power was exercised by the enactment of section 908, revised ordinances of Kansas City, wherein it is provided that witnesses shall be allowed fifty cents per day for attendance before the city police court which

shall be taxed as costs, provided that claim therefor shall be made at once upon the rendition of judgment.

From a consideration of these provisions of the statute, charter, and ordinances, together with the facts admitted by the defendant's demurrer to the alternative writ, the duty of allowing and taxing the witness fee in question is obvious.

COSTS: fees of Kansas City police: police relief association.

But the defendant insists that police officers are not entitled to witness fees for attendance at the police court, because they receive a *salary* which includes all such services. To sustain this contention a sentence appearing in paragraph 17, of section 1, article 3, of the city charter, before alluded to, is relied on. The particular clause reads: "And that no officer receiving a salary shall receive any fees or other compensation for his services." The foregoing language occurs in the general and specific powers granted by the charter to the mayor and common council. They "shall have power by ordinance," says that instrument, * * * "to establish the salaries of all officers and the compensation of all employees * * * except as is otherwise provided in this charter: *provided* that the salary, fee, or compensation of no officer shall be changed during the term for which he is elected or appointed, and that no officer receiving a salary shall receive any fees or other compensation for his services."

—: —: charter fixing salary of officers.

The contention of the police judge can have no support from this provision of the city charter. On the face of the instrument it is manifest that this provision was not intended to apply to the compensation of policemen. In article 11, of the same charter, provision is made for the organization, management, pay, etc., of the members of the police force, and the entire matter of compensation for these officers is left, under

some restrictions, to the board of police commissioners. These then are officers "otherwise provided for in this charter," and therefore not included in the officers and employees named in said paragraph whose salaries or compensation the city council are authorized to fix. And we think that the last clause above quoted was only intended to cover such officers as were contemplated in that section. The intention was to leave the matter of compensating policemen to the board of police commissioners who in another and different portion of the charter were given full and exclusive authority in that respect. The position we here take remains unshaken whether or not said article 11, of the charter of Kansas City (1889) is to be deemed as supplanting and taking the place of the old special statute of 1874 (Laws 1874, p. 327). For in the matter of the organization, compensation, etc., of the police force at Kansas City, the said article 11, of city charter, and said special act of 1874 are substantially the same. Which of these—whether the act of 1874, or the provision found in article 11, of the freeholders' charter of 1889—is now the law controlling the Kansas City police force, its organization, management, etc., is, it seems to me, a doubtful question. In favor of the former see *Ewing v. Hoblitzelle*, 85 Mo. 64–77. But contra see *The State ex rel. Kansas City v. Field*, 99 Mo. 352.

Again, even to concede that the clause of the charter prohibiting a city officer from receiving fees or other compensation than his salary for his "services" should apply to police officers, it can, by no reasonable stretch of language, be made to cover fees such officer may be entitled to as a *witness* in a cause, whether such fees be earned in attendance on a police or other court. Neither is the defendant's contention (to wit, that attendance by the officer

VOL. 70 app—34

as a witness in the police court is to be regarded as a mere performance of police duties) aided by the ordinance requiring the officer without being subpoenaed to attend as a witness against any person whom he shall have arrested. The manifest and only purpose of this ordinance was to save the trouble or necessity of getting out a formal subpoena for the officer making the arrest; the ordinance was to give notice that he must appear before the police court without waiting for one of his associate officers to serve him with an ordinary subpoena.

The judgment of the circuit court will be affirmed. All concur.