MARY F. PRICE, Appellant, v. ST. LOUIS POLICE RE-
LIEF ASSOCIATION, Respondent.

St. Louis Court of Appeals, November 5, 1901.

1. **Fraternal Beneficiary Society: ST. LOUIS POLICE RELIEF AS-SOCIATION: INSURANCE.** To entitle a beneficiary of a certificate of insurance issued by the Police Relief Association of St. Louis, to recover, the member of the force on whose life it was issued must be at the time of his death a member of the police force as well as a member of the association.

2. ———: ———: ———. A beneficiary of a certificate of insurance on the life of a retired veteran of the police force can not recover on such certificate in the event of the death of such retired veteran.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

No briefs furnished for appellant.

*Johnson, Houts, Marlatt & Hawes* for respondent.

(1) ˙Appellant's husband was not a member of the police force at the time of his death. As the constitution (article 7, section 5) makes provision for death benefit to beneficiaries of members who were members of the police force at the time of their death only, appellant can not recover. Appellant's husband received his last appointment on the police force on the eighth day of September, 1885; subsequent to that date he was never recommissioned nor reappointed, nor was his grade or rank changed; from the eighth day of September, 1899, therefore, he was a mere *locum tenens,* a holdover, subject to be discharged at the pleasure of the board. His discharge, therefore, on September 15, 1894, was legal, and he was not at the time of his death a member of the police force. State ex rel. v. Stonestreet, 99 Mo. 361; State ex rel. v. Walbridge, 153 Mo. 194. (2) Appellant's cause of action is based upon the statement that the $1,000 she claims was payable to beneficiaries of members who died while members of the police force, and that her husband was a member of the police force at the time of his death. She must recover on her petition or not at all. (3) Appellant's husband was not a member of the association at the time of his death, and as the death benefit provided by the constitution is payable only to the beneficiaries of those who died while members of the association, appellant has no claim.

BLAND, P. J.—The defendant is a benevolent associa-
tion incorporated under the laws of the State of Missouri. The
objects of the association are expressed in article 2, section 1
of its charter, as follows:

"Section 1.    *Stated.*—The objects for which this associa-
tion is formed are to create a fund for (1) the purpose of afford-
ing relief to such members of the association as may become
(a) sick, (b) disabled while in the discharge of their duties,
(c) who may become incapacitated by long years of service;
(2) aiding the families of police officers who may die while
members in good standing of this association."

The plaintiff is the widow of Charles W. Price and holds
a certificate of insurance issued on the life of Charles W. Price
and payable to her.    Price was first appointed a policeman on
the police force of the city of St. Louis on the sixteenth day of
March, 1871, and was retired or dropped from the rolls of
policemen on September 15, 1894, and his name was placed on
the police pension fund and he continued to receive a pension of
forty-one and six one-hundredths dollars per month from the
day of his retirement until the first day of April, 1896, when he
died.    This pension was paid under the Police Pension Law
approved April 22, 1891, which law was afterwards declared
unconstitutional.    Section 5 of defendant's constitution pro-
vides as follows:

"Whenever any member of the police force, who is a mem-
ber of this association, shall die, the sum of one thousand dol-
lars shall be paid within thirty days after his demise, to such
person or persons as he may designate on the books of the asso-
ciation."

The beneficiary certificate held by the plaintiff was issued
under the provisions of this section, and the question presented
for decision is whether she is entitled to recover on her certifi-
cate, her husband having been dropped from the roll of the

police force prior to his death. Under article 1, section 1, of the charter of defendant, no person is eligible to membership of the association unless he is a member of the police force of the city of St. Louis, and all such persons as shall have ceased to be members of said force, by reason of sickness contracted, or by reason of wounds received while members of the association, and such persons as shall have served on the force for twenty years and shall cease to be members of said force. Section 2 provides:

"Section 2. *Veteran.*—Two years after the granting of the charter to this association, any member of this association who has served twenty years as a member of the police force of the city of St. Louis, or has by competent medical authority been adjudged permanently disabled by reason of sickness or injuries which are not the result of immoral habits and practices, shall be retired as a veteran by the executive committee, when requested by him to do so, and not otherwise; and shall receive from the association $450 per annum in monthly installments as veteran benefits. Provided, also, that no person shall be retired as a veteran and continued a member of the police force."

Sections 4 and 5 are as follows:

"Section 4. It may be optional with a member of this association about to become a pensioner to accept a sum not to exceed one thousand dollars, in lieu of all benefits, and thereby sever his connection with the association, subject to the discretion of the executive committee.

"Section 5. *Death.*—Whenever any member of the police force who is a member of this association shall die, the sum of one thousand dollars shall be paid, within thirty days after his demise, to such person, or persons, as he may designate on the books of the association. If he fails to designate it will be paid to his heirs at law, in accordance with the law of descent and

distribution.    If he fails to designate, and has no heirs, it shall revert to the association."

The assured, Charles W. Price, was retired from the police force by the action of the board of police commissioners for the reason that he had served for twenty years.    It is contended by appellant that his retirement was not voluntary and was ex parte.    It does not appear from the record that Price at any time protested against the action of the board for dropping his name from the police force; on the contrary, it does appear that he ratified and approved of this action by accepting the pension paid to him from the date of his retirement until the date of his death.    He was, therefore, at the date of his death, not a member of the police force, and under the laws of the order it was optional with him, with the approval of the executive committee, to accept one thousand dollars and thus sever his connection entirely with the association or to remain a veteran of the association and accept a pension of four hundred and fifty dollars per annum in monthly installments during the remainder of his life.    It is evident from the provisions of sections 2, 4 and 5 of the charter that by accepting either the one thousand dollars, the annual pension, a veteran's certificate of insurance became thereby null and void, and the language of section 5, supra, excludes the idea that a beneficiary of a certificate of insurance on the life of a retired veteran of the force is entitled to recover on such certificate.    To entitle a beneficiary of one of these certificates to recover, the member of the force on whose life it was issued must be at the time of his death a member of the police force as well as a member of the association.    The views of the learned trial judge are in harmony with this construction of the charter of the association, and the judgment is affirmed.    All concur.