ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1913.

*(Continued from Vol. 179)*

MARY DE RUNTZ, Appellant, v. ST. LOUIS PO-
LICE RELIEF ASSOCIATION, Respondent.

St. Louis Court of Appeals. Argued and Submitted December 4,
1913. Opinion Filed December 31, 1913.

1. **POLICE RELIEF ASSOCIATIONS: Action for Death Benefit:
Pleading: Conclusions.** In an action to recover a death benefit
from the police relief association of the city of St. Louis,
certain paragraphs of the petition alleged that it was pro-
vided by the laws established by the board of police commis-
sioners of said city for the government and regulation of
the police force that the board would require every member
of the force to join the association; that no person should
be assigned to duty until he had first signed an application
to become a member of the association; that any member who
neglected to pay his dues and assessments or refused to be-
come a member should be sent before the board, and, on his
refusal to comply with the rule, might be dismissed, and
that this provision established by the commissioners was con-
tained in the official manual of the department and was

180 Mo. App.]          (1)

De Runtz v. Relief Association.

reasonable and recognized by the association as binding upon it. Another paragraph alleged that the intent and purpose of the laws of the State and the regulations of the department and of the defendant association was to compel every member of the police department, under pain of dismissal, to become a member of the association; that it had no power to refuse membership to any member of the police force who made application within thirty days after his appointment, and that the intent and purpose of the association and the reasonable construction of its charter and by-laws was that any member of the force, on making written application within thirty days after his appointment, should *ipso facto* become a member. *Held*, that these paragraphs were properly struck out, as stating conclusions of law, and not facts.

2. ———: ———: ———: ———. In an action to recover a death benefit from the police relief association of the city of St. Louis, certain paragraphs of the petition alleged that insured did all things required by defendant's laws to become a member, and that, by virtue thereof, he became a member; that, by virtue of the premises and the membership of insured in the association and his being a member of the police force of said city, and by virtue of his having designated plaintiff as his beneficary, plaintiff became entitled on his death—he having complied with all the laws and rules of the association —to have paid to her a benefit of $2000. *Held*, that these paragraphs were not subject to a motion to strike out, on the ground that they plead conclusions of law, and not facts, since, under Sec. 1836, R. S. 1909, it is not necessary, in alleging performance of a contract, to state the facts showing such performance, but it is sufficient to allege generally that the party duly performed all the conditions on his part.

3. PLEADING: Manner of Alleging Performance of Contract. Under Sec. 1836, R. S. 1909, it is not necessary, in alleging performance of a contract, to state the facts showing such performance, but it is sufficient to allege generally that the party duly performed all the conditions on his part.

4. INSURANCE: Action by Beneficiary: Privity: Pleading. In an action on an insurance contract by one other than he who made it, it is necessary for the petition to allege facts showing privity between plaintiff and such person.

5. POLICE RELIEF ASSOCIATIONS: Action for Death Benefit: Pleading: Conclusions. In an action to recover a death benefit from the police relief association of the city of St. Louis, an allegation in the petition, that, by virtue of the rules of the board of police commissioners of said city, decedent, as a policeman, was a member of defendant association, etc.,

De Runtz v. Relief Association.

was a mere conclusion of law and subject to be struck out, if specifically attacked, but its presence in the paragraph of which it was a part did not vitiate the remainder.

6. ———: **St. Louis Association: Nature.** The St. Louis Police Relief Association is neither a public nor a *quasi* public corporation, but a private corporation, the organization of which is specifically authorized by Sec. 3458, R. S. 1909, to create a special fund for the specific purpose of providing for the relief of members and their families and dependents, and this fund is private and does not in any sense belong to the public.

7. ———: ———: **Membership Optional.** The St. Louis Police Relief Association, organized under Sec. 3458, R. S. 1909, is a private corporation, governed by its own members, and not under the control of the governing officials of the board of police commissioners, nor is there any mandatory requirement making membership in the association by members of the police force essential to the holding of their position, or otherwise than optional; and hence an allegation in the petition, in an action for a death benefit, that the board of police commissioners had adopted a rule making it compulsory for the members of the department to become members of the association did not establish that plaintiff's deceased husband, who was a member of the force, was, by virtue of such rule, a member of the association.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

RVERSED AND REMANDED.

*O'Neill Ryan, James C. Campbell* and *F. H. Bacon* for appellant.

It is an elemental rule of law in this State that in every petition on a benefit certificate, or in an action which rests on the by-laws of the association, there must be an allegation that the member in his lifetime complied with all the conditions of the contract, and if in any respect the deceased did not comply with the requirements of the by-laws and conditions of the contract, that is a fact peculiarly within the knowledge of the defendant and must be averred and proved by

such defendant. Frame v. Sovereign Camp, 67 Mo. App. 127.

*Johnson, Rutledge & Lashly* for respondent.

(1) Police officers do not *ipso facto* become members of the Police Relief Association upon their appointment to the force. Membership is voluntary. Secs. 3458, 3459, 5388, R. S. 1909; Laws 1913, page 230, Amendment to Sec. 5388; State ex rel. v. Gifford, 70 Mo. App. 522; Relief Assn. v. Tierney, 116 Mo. App. 447; Price v. Relief Assn., 90 Mo. App. 210; Relief Assn. v. Strode, 103 Mo. App. 694. (2) Control over membership is a necessary and essential characteristic of a voluntary beneficiary association. The powers of the association are limited and defined by its Constitution. State v. Grand Lodge; 1 Bacon Benefit Societies, pp. 267, 272, sec. 63A; Wilcox v. Sovereign Camp, 76 Mo. App. 573; Niblack on Insurance, p. 69, sec. 29; 1 Cooley's Briefs on Insurance, pp. 410, 413, 423; Kilcullen v. Ins. Co., 108 Mo. App. 61; Cravens v. Ins. Co., 148 Mo. 599. (3) The respondent is a private, and not a public, or *quasi*-public corporation. See cases cited under point 1. (4) The demurrer was properly sustained, as the remnants of the petition did not state a cause of action. It is not alleged that there was a written contract, or that there was any consideration for any contract. In a case like this it is necessary to allege and prove a consideration, as well as other necessary facts, particularly where the suit for insurance benefits is not based on a written contract. Hester v. Fidelity & Cas. Co., 69 Mo. App. 186; County v. Auchly, 92 Mo. 126; Caples v. Branham, 20 Mo. 244; Wesson v. Horner, 25 Mo. 81; Typewriter Co. v. Realty Co., 220 Mo. 529; 1 Cooley Briefs on Insurance, p. 462; Schaffer v. Ins. Co., 89 Pa. 296; Hardwick v. Ins. Co., 20 Ore. 547.

REYNOLDS, P. J.—Action to recover $2000 claimed to be due plaintiff as widow and designated beneficiary of one George DeRuntz. We accept the summary of the amended petition and of the motions aimed at it, substantially as made by counsel for plaintiff, appellant here, with a few changes of our own, here placed in parentheses:

"1st. That the defendant is a corporation organized under article XV, chapter 12, of the Revised Statutes of Missouri of 1899, and that among its objects and purposes is a provision in the by-laws to the effect that whenever any member of the police force of the city of St. Louis should be a member of the association and die, the sum of two thousand dollars should be paid as a death benefit to such person, or persons, as he may have designated on the books of the association.

"2nd. The fund out of which the benefit is paid is derived in part from certain payments to be made by the members and from the other sources mentioned in the statute.

"3rd. That is was provided by the by-laws of the association that if an application for membership in the association should be made within thirty days after the appointment of anyone on the police force no medical examination should be required, and if the application was made within thirty days after appointment, the member was only required to make a written application for membership and that no other requirements for admission were imposed by the by-laws of the association.

(We give the fourth clause hereafter.)

"5th. That defendant is a *quasi* public corporation for the purpose of affording indemnity against the perils and dangers which are the consequence of service on the public police force, the occupation being a hazardous one.

(We give the sixth clause hereafter.)

"7th. That plaintiff was the wife, and is the widow, of George DeRuntz; that on the 20th day of May, 1908, her husband was duly appointed a patrolman and member of the police force, and on that day made application in due form for membership in the association.

"8th. *And then and there did all things required by the laws of defendant to be done to become a member thereof, and plaintiff avers that by virtue of the premises George DeRuntz then and there became a member of said association.*

"9th. That said George DeRuntz after making application for membership designated on the book of the association provided for that purpose that the death benefit ($2000), should be paid to plaintiff in event of his death; that said designation was in accordance with the by-laws of the association and was duly made on August 3, 1908, as required by the by-laws.

"10th. *That by virtue of the premises and by virtue of the membership of George DeRuntz in the association and his being a member of the police force of St. Louis and having duly designated plaintiff as his beneficiary, she became entitled in event of his death, (he) having complied with all the laws and rules of the defendant association, to have paid to (her within thirty days after his death) the benefit of two thousand dollars.*

"11th. *That said George DeRuntz in his lifetime duly complied with all the laws and rules of defendant association and at the time of his death was a member of the police force of the city of St. Louis and a member in good standing in the association, and plaintiff was entitled, being his wife (and designated beneficiary within thirty days after his death), to receive of the defendant association the sum of two thousand dollars.*

"12th. That on the 5th day of August, 1909, George DeRuntz died and at the time of his death was

a member of the police force of the city of St. Louis (and of said association by reason of the premises).

"13th. That after his death she made demand on the association for the payment of the stipulated benefit (and offered to make due proof of said death but payment thereof was refused, defendant denying all liability)."

Defendant moved to strike out the parts of the amended petition which we have italicized, on the ground that they stated conclusions of law and not facts, and that the matters therein contained were irrelevant and immaterial.

The court sustained this motion, striking out the parts italicized. To this plaintiff duly excepted.

Defendant thereupon demurred to the petition as it stood with these paragraphs eliminated, as not stating facts sufficient to constitute a cause of action. This demurrer was sustained and, plaintiff declining to plead further, judgment went against her, from which she has duly perfected her appeal to this court.

We hold that the action of the learned trial court in sustaining the motion to strike out the fourth and sixth clauses of the petition was correct. But it was not correct in striking out what are designated as the eighth, tenth and eleventh paragraphs of this petition. We do not think that these three clauses pleaded mere conclusions of law, in the sense in which that term is used. They aver, in substance, that George DeRuntz did all things required by the laws of the defendant to become a member; that by virtue of this compliance he did become a member; that in compliance with the rules of the order he had designated plaintiff as his beneficiary, who upon his death would become entitled to the $2000; that in his lifetime George DeRuntz, having complied with all the laws, rules and regulations of the defendant association, at the time of his death was a member in good standing of the association, and that

plaintiff having been his wife and duly designated as his beneficiary, was entitled on his death to the benefits accrued.

It is not necessary, under our code of pleading, in alleging performance of the contract, "to state the facts showing such performance, but it may be stated, generally, that the party duly performed all the conditions on his part" (Section 1836, Revised Statutes 1909), while section 1831 requires that the allegations of a pleading "shall be liberally construed, with a view to substantial justice between the parties;" and section 1865 makes it the duty of the court, among other duties, to so construe the provisions of law relating to pleading "as to distinguish between form and substance." Our courts have in many cases called attention to and enforced these provisions. Thus, in Catron v. LaFayette County, 106 Mo. 659, l. c. 666, 17 S. W. 577, an allegation that bonds had been "duly issued" was held sufficient. In McCullough v. The Phoenix Ins. Co., 113 Mo. 606, l. c. 612, 21 S. W. 207, the averment "that all the terms and conditions of the policy had been complied with," was held good. So it was held in McGannon v. Millers Nat'l Ins. Co., 171 Mo. 143, l. c. 154, 71 S. W. 160. These sections, as appears by the above cases, are as applicable to insurance as to any other contracts. Moreover, it alleged facts, which, if true, established privity between the insured and this plaintiff, a necessary averment when the action is by one other than he who made the contract. [Bliss, Code Plead. (3 Ed.), sec. 239.]

Even without these paragraphs, the petition was not subject to the demurrer, for it set out the consitutive facts necessary. While these clauses which were eliminated may have been subject to the charge of redundancy, in view of like allegations in other parts of the petition, they were not amenable to the objection levelled against them. The foregoing remarks apply

not only to the action of the court in striking out the parts of the pleading designated as the eighth, tenth and eleventh clauses, but to its action in sustaining the demurrer to the petition as it stood even with those clauses eliminated.

It is true that there are some parts of those clauses, as for instance the contention that by virtue of the rules of the Board of Police Commissioners, DeRuntz, as a policeman, was a member of the defendant association; these are mere conclusions of law, and if specifically attacked should have been stricken out; their presence did not vitiate the remainder, as they would be mere surplusage.

That brings us to a consideration of the action of the court in sustaining the motion to strike out the fourth and sixth clauses of the petition. These clauses present the proposition which it is earnestly argued by the learned counsel for appellant, is the one upon which they rely, namely, quoting from their reply brief, "that if a man is appointed on the police force and within thirty days thereafter applies for membership by making written application and designating a beneficiary, he thereby becomes entitled to the protection of the association." The trial court struck out the averments in the petition which went to sustain this position.

We think there was no error in the view taken by the learned trial judge adverse to this position. On the strength of that, these clauses, four and six, of the petition were, stricken out and we think properly.

It was averred in this fourth clause that it was "provided by the laws established by the Board of Police Commissioners of the city of St. Louis for the government and regulation of the police force of said city, that the Board of Police Commissioners will require that each and every member of the police force join the Police Relief Association, and

that no man shall be assigned to duty by the secretary of the Board until he has first signed an application to become a member of the Police Relief Association. That any member of the police force who neglects to pay his dues and assessments to said association or refuses to become a member thereof shall be sent before the Board of Police Commissioners by the captain of his district, and upon the refusal to comply with this rule, will upon charges and hearing be dismissed. Plaintiff states that said provision, established by the Police Commissioners of the city of St. Louis, is contained in the official manual of the said police department, containing the rules and regulations established for the government of the police force of said city of St. Louis and that the same are reasonable, and that the said Police Relief Association referred to in said rules and regulations of the police department is the defendant association. *That said regulations established by said Board of Police Commissioners are recognized by said association as binding upon it.*"

That part of the sixth clause which was stricken out is that "the intent and purpose of said laws of the State and the rules and regulations of the police department and of defendant association is to compel every member of the police department, under pain of dismissal to become a member of said defendant association. Said defendant association has no power to refuse membership to any member of the police force of said city of St. Louis who makes application for membership within thirty days after his appointment on the police force, but the intent and purpose of said association and the reasonable construction of the charter and by-laws thereof is that any member of the police force of the said city of St. Louis who makes written application for membership in said defendant association within thirty days after his appointment on the police force shall *ipso facto* become a member

of said defendant association." These clauses are so clearly argumentative and a violation of the rule against pleading mere conclusions on both the law and the facts, that they were properly stricken out. This is especially so as to the sixth clause and we pay no further attention to it, confining ourselves to the fourth clause.

The St. Louis Police Relief Association, defendant here, is organized under the provisions of what is now section 3458, article 12, chapter 33, Revised Statutes 1909. It and section 3459, which latter section creates the fund, are identical with sections 1485 and 1486, in article 15, chapter 12, Revised Statutes 1899, the law in force when the alleged cause of action here involved arose and when this action was begun. These sections, now sections 3458 and 3459, first appeared in our laws in 1881, where, under the head, "Corporations: Benevolent—Police Relief Association," an Act, approved March 12, 1881 (Laws 1881, p. 87), consisting of two sections, was adopted. When first adopted they were substantially what are now sections 3458 and 3459, Revised Statutes 1909. No change was made in them until, by Act of March 26, 1891 (Laws 1891, p. 84), the law was extended to cover the police force of cities of the second class. The only other change was by Act of March 25, 1913 (Laws 1913, p. 192). A proviso as to fees for bonds was then inserted in section 3459. This amendment has no bearing on this case, even if it had been in force when this present right of action is said to have accrued.

In 1885, by an Act approved March 31, 1885 (Laws 1885, p. 101), what are now sections 3460 to 3464, Revised Statutes 1909, were adopted. This act authorized the organization of a fire department "pension fund and relief association," to be formed in any city or country in the State having a population of 50,000 inhabitants or over. It, like that authorizing a Police

Relief Association, is headed, "Corporations: Benevolent." Its sections were incorporated in the revision of 1889 as part of article 14, chapter 42, of that revision, the two preceding sections of that article being those relating to the Police Relief Association; so they have been carried in the succeeding revisions. So far as to the statutes applicable.

The few cases in which these sections have been considered do not throw much light on this particular point, it not being raised even incidentally. They do throw some light on cognate questions raised. Thus with these sections before it, the Kansas City Court of Appeals held, in State ex rel. v. Gifford, 70 Mo. App. 522, 1. c. 527, that this section 3458 provides in specific terms for the organization and incorporation of a relief society and that it is of the general nature of benevolent and like miscellaneous associations. It is further there said (1. c. 525), that the membership of these police relief associations is composed of parties who make up the police force of these cities, and that the objects of these organizations are to afford relief to such of its members as may become sick or disabled while in the discharge of their duties, or who may become incapacitated by long service and for aiding the families of such policemen as may die in the service, etc. But it is not even intimated that membership in one carries membership in the other.

In St. Louis Police Relief Association v. Strode, Public Admr., appellant, William Tierney et al., respondents, 103 Mo. App. 694, 77 S. W. 1091, it is said (1. c. 710), referring to this same association, that the deceased under whom the claims to the benefit arose, "when he again became eligible by rejoining the police force, resumed his membership in the plaintiff organization," thus intimating, although not deciding, that membership in the police force was necessary to membership in the association. That same case again

came before our court in St. Louis Police Relief Association v. Tierney, 116 Mo. App. 447, 91 S. W. 968, coming, however, in another form. In that case our court had before it, as had the trial court, as facts in the case, the constitution of the association, which it is said (l. c. 459) contained the entire contract between the parties. As the case now before us did not go to trial, that constitution is not before us and is not pleaded. But it does appear, as is averred in the petition before us, that certificates of membership in the nature of policies, were not issued. The demurrer here admits that. Our court held in this last Tierney case that a certificate of membership was not essential to establish the fact of membership.

In Price v. St. Louis Police Relief Ass'n, 90 Mo. App. 210, the constitution of this association was before our court and is construed. That constitution is not before us in any shape in the case at bar, so that the decision in the Price case affords us but little help. Our court, construing that constitution, and not the statute, as counsel for appellant seem to think, holds that Price, having been retired as a member of the police force by action of the Board of Police Commissioners for the reason that he had served for twenty years, and it not appearing that he had protested against this action of the board, but on the contrary it appearing that he had ratified and approved it by accepting a pension paid him upon the date of his retirement, it followed that at the date of his death, Price was not a member of the police force, and that under the laws of the order, it was optional with him, with the approval of the executive committee to accept $1000 and thus sever his connection entirely with the association, or to remain a veteran of the association and accept a pension, and the conclusion of the court (l. c. 214) is that to entitle the beneficiary of a certificate of insurance on the life of a retired veteran of the

force to recover, "the member of the force on whose life it was issued must be at the time of his death a member of the police force as well as a member of the association." The paragraph quoted above is quoted by counsel for appellant as if applicable here, but it is clear that it rests, not on the construction of the statute, but upon the constitution of the Police Relief Association of the city of St. Louis. On the petition before us it is no authority for the position of counsel for appellant, that to entitle a beneficiary to recover, he must, at the time of his death, be a member of the police force as well as a member of the association. Not only is the certificate there referred to a certificate issued on the retirement of a member and acceptance of a certificate of life membership, but its effect depends upon the construction of the constitution of the defendant organization.

The question as to the constitutionality of the Act of April 9, 1895 (Laws 1895, p. 234), came before our Supreme Court in State ex rel. Heaven v. Ziegenhein et al. (respondents there being the St. Louis Police Board), 144 Mo. 283, 45 S. W. 1099, and it was there held that the pension provision of that law was unconstitutional. There the Supreme Court said (l. c. 292), that the members of the police force are officers of the State. That was a mere statement of what the law itself declared. That case was decided May 24, 1898.

This Act of 1895 undertook to create a pension fund for policemen, that fund, however, payable out of the public funds of the city, and for that reason it was held unconstitutional. It is significant of the legislative intent to find that in the concluding section of this Act of April 9, 1895 (Laws 1895, p. 235), it is expressly provided that no member of the police force who shall be retired on half pay, under the provisions of section 11, of the Act of April 22, 1891, "after twenty years' service, or who shall be retired on half pay on account

of physical disability as herein provided, shall be entitled to any relief from any Police Relief Association organized under section 2885, Revised Statutes 1889 (section 3459, Revised Statutes 1909), nor shall the families of deceased policemen who may be provided for by the Board of Police Commissioners under this section, be entitled to receive any aid from any relief association organized under section 2885 aforesaid.'' The whole Act of April 9, 1895, being declared unconstitutional, this provision which we have quoted fell with it. But it is the only act attempted to be passed by the General Assembly which can be said in any way to lend color to the idea that the Police Relief Association was part and parcel of the police system itself. The evident object of this provision in the act of 1895 was to prevent double pensions, or double pay. But it tends to demonstrate that so far as the General Assembly was concerned, that body had it in mind that a man might be a member of the police force and not a member of the Police Relief Association; and that being so, the General Assembly undertook to make provision for him outside of the Relief Association. When that body attempted to do so by way of a civil pension and to make its provisions retroactive, as the Supreme Court held was the case, it was beyond the legislative power.

These are all the cases to which our attention has been called, or which we have ourselves found, which in any manner touch the law concerning the organization of police relief associations.

The first conclusion which we draw from the law is that this association is not a public or even a *quasi* public corporation, but a private corporation; its incorporation authorized under a specific section of the statute (section 3458, supra.), authorized to become incorporated under the general incorporation laws of this State relating to like benevolent associations, and

to create a fund for a specific purpose; that purpose for the relief of its members and their families and dependents. We say, organized under the law relating to benevolent associations, for the only general incorporation law of the State that can be held applicable is what is now article 10, chapter 33, relating to benevolent and miscellaneous associations; associations of like class, such as benevolent, religious, scientific and educational associations. Following section 3458 is section 3459, which provides for the manner in which the funds of this association shall be created. Among other funds here provided for are "all monthly, annual or periodical assessments of members, as may be provided for by the rules of said association." These are private funds which, under no possible construction or view of the law, can be taken for a public use, except in a manner provided by law and no such provision is found in the law by which they can be taken. While it is true that what may be called in a way public funds, such as moneys arising from the sale of unclaimed personal property, are included in the fund; a percentage of rewards, witness fees and the like, which also go to make up and form a part of the funds of this association, are the private funds of the police officer earning them and only become part of the fund by the voluntary act of the members of the association in allowing them to be turned in to the fund of the association. As was said in State ex rel. v. Gifford, supra, (l. c. 527), and referring to witness fees earned by policemen who are members of the association, these fees remain part of the fund of the association "by such officers' consent, implied by their membership, created and set apart for the maintenance of the society."

While there is no connection between the subject-matter of the acts creating police and fireman relief associations, further than found in the suggestive

heading of each, that is, both are classified as benevo-
lent societies or associations, it is to be observed that
each association is to be organized under the general
laws relating to benevolent associations, such associa-
tions are always private, and neither public nor *quasi*
public incorporations. In fact, chapter 33, Revised
Statutes 1909, of which article X (Benevolent, etc.),
and article XII (Police and Firemen's), form parts,
is, and the like chapter always has been, entitled ''Cor-
porations—Private.''

Our next conclusion is that neither of these asso-
ciations are under the control of the governing offi-
cials of either the police or fire department, although
the membership of each is confined to the members of
those two departments.

We find no word in the law creating and govern-
ing these police relief associations that implies that the
Board of Police Commissioners had any control what-
ever over them. Membership in the police force is es-
sential to membership in the Police Relief Associa-
tion, but there is nothing in the law itself, nothing in
the averment of the petition, nothing in those parts
of it which were stricken out, that in any way gives
color to the claim that the membership in the police
force in itself confers membership in the Police Relief
Association. Construing the averments of the petition
liberally but most strongly against the pleader, it may
be said that unless one retains his membership in the
Police Relief Association, he cannot retain his member-
ship in the police force. That is clear. The only part
of the fourth clause which attempts to plead that the
association recognizes the rules of the Police Board,
is that it was provided by the laws established by the
Board of Police Commissioners for the government of
the police force, that the board requires each and every
member of the force to join the Police Relief Associa-
tion, prohibits the assignment to duty by the secretary

of the board of anyone until he has signed an application to become a member of the Police Relief Association, provides that if any member of the police force neglects to pay his dues and assessments to the association, he shall be sent before the Board of Police Commissioners and upon refusal to comply with the rule, upon charges and hearing shall be dismissed. Pleading this, the pleader then states that this provision was established by the Police Commissioners and contained in the official manual for the government of the police force, is reasonable, and that these regulations "established by said Board of Police Commissioners *are recognized by said association as binding upon it.*" Certainly that is no averment that the Relief Association, by its customary mode of dealing, by its constitution or by-laws, has agreed that everyone admitted to the police force shall be admitted to membership in the Police Relief Association. It may be within the power of the board to compel the members of the police force to become members of the Relief Association as a condition to remaining in the force. But any such rule would become of force on the Relief Association only if accepted or adopted by the Relief Association, and the fourth clause of the amended petition which was stricken out, does not plead that the Police Relief Association has adopted, or accepted, any such provision. All that is pleaded is that the manual of the police department, prescribed and adopted by the Police Commissioners, provided that no man should be assigned to duty by the secretary of the board until he had first signed an application to become a member of the Police Relief Association, etc.; that these were reasonable regulations; "that said regulations established by said Board of Police Commissioners are recognized by said association as binding upon it." Right here an important and suggestive difference is to be noted between the acts governing the police and firemen's as-

sociations. In the one relating to the fire department, it is provided by section 3461, that "all members of any such fire department . . . shall become members of the fire department pension fund and relief association, and may continue in full membership in such association after having been retired from the department and pensioned by the association." The police relief association section (section 3458) contains no such mandatory requirement as to membership, but leaves it optional, as far as the statute is concerned, and as far as expressed by the lawmakers of the State, upon members of the police force whether they shall become members of the Police Relief Association. All that is provided by section 3458, is that the police force organized by existing laws of the State in cities of certain population "is hereby authorized and empowered to form a relief association." Why this marked difference should have been adopted is not for us, as a court, to determine; it is sufficient for us that "so the law is written." If, then, it is true, as averred in this fourth clause of the amended petition, that the Board of Police Commissioners of the city of St. Louis adopted a rule making it compulsory upon the members of the police department to become members of the Police Relief Association, granting that the board had power to make such a rule, it by no means follows that it could impose any such rule on the Police Relief Association. It certainly could not, by its rules, make all policemen members of the Relief Association, although it might, by its rules, provide that those who did not become members, and as such comply with the rules of the association, should be dismissed from the force. While recognizing that by the rules of the board it is absolutely essential to remaining in the police force itself that the person shall be a member of the Police Relief Association, and that this is a reasonable rule, it is in no manner a plea that the association

recognizes all policemen as members of the association. It is pleaded that the association waives physical examination of a policeman desiring to become a member of the Relief Association, if he applies for membership within thirty days of his examination. That is the only waiver. It is open to the association to reject for any cause, other than physical disability. On that it accepts the fact of admission to the force. It would actually appear that no person can remain a member of the police force who is not a member of the Relief Association; it most certainly does not appear by the averments of the petition that one who is a member of the force, *ipso facto* is a member of the association. The entire government of the affairs of the Police Relief Association is with its members. It is not committed to the control, management or regulation of the Board of Police Commissioners. If the lawmakers intended the latter they have not said so. By no language used have they placed the Police Relief Association under the control of the Board of Police Commissioners, either as to its finances or its membership. The law does not make all policemen members of the Relief Association; the Board of Police Commissioners had no power to make them such and there are no averments in the petition that the Relief Association has done so. To have given the board control of membership in the association would have been in violation of a fundamental rule governing all organizations of this kind, a rule necessary to the very existence as well as independence of the corporation; that is the right of control over its own membership; control over the act of admission to membership. [1 Bacon, Benefit Societies (3 Ed.), sec. 63; Niblack on Volutary Societies, etc., p. 69; State ex rel. v. Grand Lodge, etc., Odd Fellows, 8 Mo. App. 148; Wilcox v. Sov. Camp. W. O. W., 76 Mo. App. 573, l. c. 577.]

Our conclusion upon the whole case is that the trial court committed no error in striking out parts of

the petition except as herein indicated; as to the parts which we hold should remain and as to the petition with them included, even without them, we hold that the petition was not subject to demurrer. It may be that in the view counsel for appellants have expressed in their briefs and arguments, holding as we do on the question of membership, that it is of no benefit to appellant to remand. But under our view of the law certain parts of the petition we have indicated should not have been stricken out and the demurrer should not have been sustained. Our order is that the judgment of the circuit court be reversed and the cause remanded for such proceeding as counsel, in the light of this opinion, shall be advised. *Nortoni* and *Allen, JJ.,* concur.